### No. 418.

### LEON GODCHAUX *v.* BOARD OF ASSESSORS.

1. The fact that money has been borrowed, even though from a non-resident, constitutes no defence against its assessment and taxation, in the hands of him who has possession of it.

2. The tax debtor cannot demand that the aggregate of his debts be deducted from the total of his assets, and restrict his assessment to the balance remaining.

*Appeal from Civil District Court, Division E. Lazarus, J.*

*T. Gilmore & Sons* for plaintiff and appellant.

*W. H. Rogers and Wynne Rogers* for defendant and appellee.

McGLOIN, J.—Plaintiff complains of an assessment against him of twenty-five thousand dollars, as money at interest, credits, bills receivable, for moneys loaned or advanced. The testimony of plaintiff himself discloses the fact that he has property of this kind, far in excess of the sum placed against him upon the assessment roll.

He shows, however, a large sum of money as borrowed by him from parties in New York, and in this city, and his contention is that the aggregate of his debts must be taken from the aggregate of his credits, and the surplus only, if any, taxed as credits, etc.

It is well settled that credits, of the kind in question, are property, and subject to taxation as such.

Cooley on Taxation, Edition 1876, page 159, note 1.

City of New Orleans vs. Insurance Co., 30 La. An. 876.

Upon general principles, it is hard to conceive any just reason why this class of property should not bear its share of the expenses of government, as well as real estate, or movable property of any kind. It receives its share of police and other protection, and its owners enjoy, as well as others, the advantages of civilized, social government.

Nor can the law, in imposing taxes upon the property of its citizens, concern itself about the indebtedness which they may have upon them. Many of our citizens are, as plaintiff in this case, indebted to non-residents, and if the principle were recognized for which plaintiff contends, there would be found serious deficits in the public revenues.

In considering the position of plaintiff, we cannot perceive, if he can deduct his gross indebtedness from the total of his credits, moneys at interest, etc., why he had not his option to deduct this amount from the gross of any other class of property for which he is assessed, as real estate, clothing and stock in his store. The legitimate conclusion would be that the State, or

city, can tax, in any case, only the general surplus existing in the taxpayer's favor, of total assets over total indebtedness. In such view, even if those who held the credits were all residents of this State and Parish, the same as their debtors, there would be an uncertainty and confusion introduced which would be fatal to our system of assessment and collection.

The Judge *a quo* decided against plaintiff and correctly.

Cooley on Taxation, Ed. 1876, page 159, and note 1, pages 160, 161, and note 2.

The judgment appealed from is therefore affirmed; plaintiff and appellant to pay all costs.